NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 10, 2018

Jerome L. Grimes
P.O. Box 2433
Eatonville, FL 32751
*Pro se Plaintiff*

Bretta T. Oluyede, Esq.
Reed Smith LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540-7839
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   **Grimes v. Avis Budget Group, Inc.**
       **Civil Action No. 18-1936 (SDW) (LDW)**

Litigants:

Before this Court is Defendant Avis Budget Group, Inc.'s ("Defendant") Motion to Dismiss *pro se* Plaintiff Jerome L. Grimes' ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.

### I.   BACKGROUND AND PROCEDURAL HISTORY

This matter arises from Plaintiff's attempt to retrieve personal items that he left in Defendant's rental car. (*See generally* Am. Compl., ECF No. 11.) The Amended Complaint does not specify the rental period; however, Plaintiff states that he was "separated" from the vehicle on December 14, 2014. (*Id.* at 4.) Between December 14, 2014 and February 4, 2015, the car was held at Shreveport City Police Department's Automobile Impound Facility. (*Id.*) On or about February 4, 2015, the car was released to Defendant. (*Id.* at 4-5.) This Court understands the Amended Complaint to allege that, on March 2, 2015, Plaintiff went to Defendant's rental vehicle distribution yard at Dallas/Fort Worth International Airport to retrieve certain items that were left

in the car, which included a "wall vault security safe" and "smaller valuable items[.]" (*Id.* at 2-3.) Defendant's employee, Christopher Shultz, purportedly advised airport police officers that Plaintiff was a criminal trespasser with no legal business at the facility. (*Id.* at 2.) Plaintiff alleges that Defendant's employees stole his personal property, which he values at more than $10,000. (*Id.*)

On February 7, 2018, Plaintiff filed a Complaint in the instant matter. (ECF No. 1.) On April 18, 2018, Defendant filed a Motion to Dismiss. (ECF No. 10.) On April 27, 2018, Plaintiff filed an Amended Complaint; as a result, on May 7, 2018, Magistrate Judge Leda Dunn Wettre terminated Defendant's motion without prejudice with leave to refile. (ECF Nos. 11, 14.) The Amended Complaint lists various allegations against Defendant, including, conspiracy, "covert terror actions[,]" defamation, intimidation, kidnapping, and theft. (ECF No. 11 at 2-3.) On May 22, 2018, Defendant filed the instant Motion to Dismiss the Amended Complaint. (ECF No. 15.) Plaintiff opposed the motion on June 8, 2016. (ECF No. 16.)

## II.    STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

## III.   DISCUSSION

*Pro se* complaints, "however inartfully pleaded, are . . . [held] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, "even 'a pro se complaint must state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *see also Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, Plaintiff's factual allegations are insufficient to support his claims for conspiracy, defamation, kidnapping, or theft[1]. Furthermore, Plaintiff has failed to

---

[1] This Court notes that pursuant to the Amended Complaint, Plaintiff's "wall vault security safe" was returned to him in June 2015. (Am. Compl. at 3.) Additionally, it is unclear what "smaller valuable items" were allegedly stolen.

2

articulate viable causes of action based on his allegations of intimidation and "covert terror actions." Therefore, the Amended Complaint is dismissed because it fails to state a claim upon which relief can be granted.

This Court also notes that under the laws of both New Jersey and Texas, a claim for defamation is subject to a one-year statute of limitations. N.J. Stat. Ann. § 2A:14-3 ("Every action at law for libel or slander shall be commenced within 1 year next after the publication of the alleged libel or slander."); Tex. Civ. Prac. & Rem. Code Ann. § 16.002 (West 2017) ("A person must bring suit for . . . libel [or] slander . . . not later than one year after the day the cause of action accrues."). Here, Plaintiff alleges that he was defamed in March 2015 when Defendant's employee advised an airport police officer that Plaintiff was a criminal trespasser. (Am. Compl. at 2.) Because the alleged defamation occurred nearly three years before Plaintiff filed his Complaint in February 2018, the cause of action must be dismissed as time-barred.

### IV. CONCLUSION

For the reasons discussed herein, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Amended Complaint is dismissed with prejudice.[2] An appropriate Order follows.

/s/ Susan D. Wigenton

SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
     Leda D. Wettre, U.S.M.J.

---

[2] This Court takes judicial notice of Plaintiff's three prior lawsuits, which were based on the same March 2, 2015 incident, because they are referenced in the Amended Complaint and are matters of public record. *See Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 772 (3d Cir. 2013) (citation omitted) (explaining that a court may consider exhibits attached to the complaint and matters of public record on a motion to dismiss). Specifically, on March 26, 2015, Plaintiff filed suit against Defendant's employees in the Northern District of Texas. (*See* Am. Compl. at 5.) The case was dismissed without prejudice based on Plaintiff's failure to prosecute or comply with court orders to pay the filing fee. (Judgment, *Grimes v. Shultz*, No. 15-cv-951 (N.D. Tex. May 28, 2015), ECF No. 14.) On February 29, 2016, Plaintiff filed a complaint against Defendant in the District of New Jersey. (*See* Am. Compl. at 5.) By Order dated May 6, 2016, this Court dismissed Plaintiff's complaint with prejudice for failure to state a claim upon which relief may be granted. (Order, *Grimes v. Avis Budget Grp.*, No. 16-1281 (D.N.J. May 6, 2016), ECF No. 5.) On July 11, 2017, Plaintiff filed another complaint in the Northern District of Texas against Defendants Avis, Budget, and (Payless) Group Inc. (*See* Am. Compl. at 5.) The district court dismissed Plaintiff's complaint without prejudice for want of prosecution. (Judgment, *Grimes v. Avis*, No. 17-1820 (N.D. Tex. Nov. 30, 2017), ECF No. 11.) Whereas this is the fourth suit that Plaintiff has initiated based on the same circumstances, there is nothing to suggest that any further amendments would cure the deficiencies in Plaintiff's pleadings.